UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUTHER McCASKILL,

    Petitioner,                                  Case Number: 13-cv-12946

v.                                                   HONORABLE STEPHEN J. MURPHY, III

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER TRANSFERRING CASE TO THE
## UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

Petitioner Luther McCaskill, currently a prisoner at the Federal Correctional Institution in Milan, Michigan, has filed what he terms a "Relate Back Rule 15C Petition for Writ of Habeas Corpus," in which he challenges his conviction and sentence for conspiracy, 18 U.S.C. § 371; wire fraud, 18 U.S.C. § 1343; and possessing a forged security, 18 U.S.C. § 513. For the following reasons, the Court concludes that McCaskill's application constitutes a second or successive collateral challenge to his federal court conviction and will transfer the case to the U.S. Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).

## BACKGROUND

McCaskill was found guilty of the above offenses following a jury trial in the United States District Court for the Eastern District of Michigan. McCaskill was sentenced to 188 months in prison, which was at the lowest end of the sentencing guidelines range of 188-235 months. His conviction and sentence was affirmed on appeal. *United States v. McCaskill*, 202 Fed. Appx. 70 (6th Cir. 2006); *cert. denied*. 549 U.S. 1273 (2007). McCaskill subsequently filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255. The district court denied the motion. *McCaskill v. United States*, Nos. 02-80216, 08-10812, 2008 WL

2947880 (E.D. Mich. July 31, 2008). There is no indication that McCaskill appealed the denial of the motion to the Sixth Circuit or U.S. Supreme Court.

McCaskill has now filed a petition for writ of habeas corpus, in which he claims that the sentencing judge, in scoring his sentencing guidelines, considered information which had not been submitted to a jury and proven beyond a reasonable doubt or admitted to by McCaskill. McCaskill claims that in so doing, the judge violated the holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004), in which the Supreme Court held that any fact that increases or enhances a penalty for a crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt.

McCaskill previously brought *Apprendi/Blakely* challenges to his sentence on both his direct appeal and his motion to vacate sentence that he had filed under 28 U.S.C. § 2255. McCaskill, however, claims that an intervening change in the law further supports his earlier claim that the sentencing judge violated his right to a jury trial by using information that had not been proven beyond a reasonable doubt to score petitioner's sentencing guidelines. This Court assumes that McCaskill is referring to the case of *Alleyne v. United States*, 133 S. Ct. 2151 (2013), in which the Supreme Court ruled that any fact that increases the mandatory minimum sentence for a crime is an element of the criminal offense that must be proven beyond a reasonable doubt. *Id.* at 2155. In reaching this conclusion, the Supreme Court overruled *Harris v. United States*, 536 U.S. 545 (2002), in which the Supreme Court had held that only factors that increase the maximum, as opposed to the minimum, sentence must be proven beyond a reasonable doubt to a factfinder. *Alleyne*, 133 S. Ct. at 2157-58. *Alleyne* is an extension of the Supreme Court's holdings in *Apprendi* and *Blakely*.

## DISCUSSION

McCaskill's current petition for writ of habeas corpus is essentially a second or successive § 2255 motion to vacate sentence that would require authorization from the Sixth Circuit before he could proceed with this successive challenge to his conviction and sentence.

As an initial matter, this Court notes that although McCaskill has labeled his current filing a "petition for writ of habeas corpus," he does not indicate that he is seeking habeas relief under the general habeas statute, 28 U.S.C. § 2241. It appears as though McCaskill is seeking to have the current petition relate back to his prior motion to vacate sentence, which he had brought pursuant to 28 U.S.C. § 2255. A motion to vacate sentence under § 2255 is the proper avenue for relief as to a federal inmate's claims that his sentence was imposed in violation of the federal constitution or laws. *Capaldi v. Pontesso*, 135 F. 3d 1122, 1123 (6th Cir. 1998). A federal prisoner may bring a claim challenging his conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of the defendant's detention. *Charles v. Chandler*, 180 F. 3d 753, 756 (6th Cir. 1999). Habeas corpus is not an additional, alternative, or supplemental remedy to the motion to vacate, set aside, or correct the sentence. *Id.* at 758.

In the present case, McCaskill is challenging his federal conviction and sentence in his petition for writ of habeas corpus. As such, this Court must construe his petition as a motion to vacate sentence brought pursuant to 28 U.S.C.§ 2255. *See Griffin v. Herrera*, 212 F. Supp. 2d 707, 710 (E.D. Mich. 2002). Indeed, if "in substance, a claim falls within the scope of § 2255(a), it should be treated as such regardless of any 'inventive captioning' by the prisoner." *Pilla v. U.S.*, 668 F. 3d 368, 372 (6th Cir. 2012) (internal citation omitted).

Moreover, McCaskill is raising in his current habeas petition the same issues that he previously raised in his unsuccessful motion to vacate sentence. As such, the Court will construe his current habeas petition as an unauthorized successive motion to vacate sentence brought pursuant to 28 U.S.C. § 2255. *See Casey v. Hemingway*, 42 F. App'x 674, 677 (6th Cir. 2002).

Before a second or successive habeas petition or motion to vacate sentence is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998). Under the Antiterrorism and Effective Death Penalty Act, a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *See Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court must transfer the petition or motion to the Court of Appeals, no matter how meritorious the district court believes the claim to be. *Id.* at 971; *see also In Re Sims*, 111 F. 3d 45, 47 (6th Cir. 1997). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

Because McCaskill has previously filed a habeas petition with the federal courts pursuant to 28 U.S.C. § 2255, which was denied on the merits, his current petition amounts to a second or successive § 2255 motion. This Court is thus required to transfer it to Court of Appeals for preauthorization. *See U.S. v. Gastelum-Lara*, 478 F. App'x 303, 305 (6th Cir. 2012). Although neither party raised the issue of this being a second or successive motion

4

to vacate sentence, it is appropriate for this Court to consider the issue sua sponte because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. *See Williams v. Stegall*, 945 F. Supp. 145, 146 (E.D. Mich. 1996).

Accordingly, the Court will order the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631. *See In Re Sims*, 111 F.3d at 47 ("when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631").

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the case shall be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: July 23, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 23, 2013, by electronic and/or ordinary mail.

Carol Cohron
Case Manager